UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
September 10, 2007

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

JEROME A. MARKS, )
TDCJ No. 406902, )
    Petitioner, )
)
v. ) 7:04-CV-127-R
)
NATHANIEL QUARTERMAN,[1] Director, )
Texas Department of Criminal Justice, )
Correctional Institutions Division, )
    Respondent. )

## MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas.

Petitioner seeks to challenge the validity of disciplinary action no. 20040045047 which was taken against him at the Allred Unit. *Petition ¶ 17.* Marks was found guilty of failing to obey an order and failing to respond to an officer. *Disciplinary Hearing Packet p. 1 (hereinafter "DHP p.\_\_\_\_\_" ).* As a result of the charge, he lost 60 days of previously earned good time credits, his custodial classification level was frozen and he was placed on 39 days of recreation and commissary restrictions. *Id.* In support of his petition, Marks presents the following grounds for relief:

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption of this case is being changed pursuant to Fed. R. Civ. P. 25(d).

1. the hearing officer violated TDCJ policies when he failed to record the entire hearing and when he took more good-time away from Petitioner than allowed under TDCJ disciplinary guidelines;

2. ineffective assistance of substitute counsel;

3. he was unlawfully deprived of previously earned good-time credits;

4. arbitrary decisions were made in response to his Step 1 and Step 2 grievances, and;

5. prison officials failed to give him a statement of reasons for the disciplinary action.

*Petition ¶¶ 20.A-D.*

The due process rights of prisoners are generally limited to freedom from restraint which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Restrictions which merely alter the conditions of confinement do not implicate due process. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (commissary and cell restrictions); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (same). A prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi*, 211 F.3d at 957-58; *see also Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.) (finding that Texas prisoners have no protected liberty interest in early release on parole), *cert. denied*, 501 U.S. 1210, 111 S.Ct. 2809 (1991).

When a prisoner has a protected liberty interest in the loss of accrued good time credits, the revocation of such credits must comply with minimal procedural due process. *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *see Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975 (1974) (holding that prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). These minimal requirements are: (1) written notice

of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the opportunity to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied upon and the reasons for any disciplinary action taken. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80. The second requirement under *Wolff* is limited in that confrontation and cross-examination of witnesses is not constitutionally required, *id.* at 567-68, 94 S.Ct. at 2980; *Wade v. Farley*, 869 F.Supp. 1365, 1375 (N.D. Ind. 1994), and prison officials may, at their discretion, limit the number of witnesses called without offering an explanation to the prisoner. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80. In addition to the due process safeguards outlined above, the Fifth Circuit Court of Appeals has held that it is a due process violation to punish a prisoner for conduct that he could not have known was prohibited. *Reeves v. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994); *Adams v. Gunnell*, 729 F.2d 362, 369-70 (5th Cir. 1984).

The Court initially observes that a freeze in custodial classification and temporary restrictions on privileges as a result of a prison disciplinary action do not implicate due process concerns. *See Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768. However, Petitioner lost previously earned good-time credits and he claims to be eligible for release to mandatory supervision.² *Petition ¶¶ 16 & 18*. Therefore, it appears he has a constitutionally protected liberty interest sufficient to justify the consideration of his petition on the merits. *See Malchi*, 211 F.3d at 958-59.

---

² Respondent argues that Petitioner is not eligible for mandatory supervised release because of his conviction for aggravated assault of a correctional officer. However, Marks is eligible for mandatory supervision on his two convictions for delivery of a controlled substance. It is not clear to the court whether the deprivation of good-time credits will necessarily affect the duration of Marks' confinement. Therefore, the court has elected to review the merits of Marks' grounds for relief.

In his first ground for relief, Marks claims that the disciplinary hearing officer violated TDCJ guidelines (1) when he failed to record the entire hearing and (2) when he took away 90 days of previously earned good-time credits, which was more than the 60-day maximum allowed under TDCJ guidelines. *Petition ¶ 20.A.* Unfortunately, Marks cannot prevail on this ground for relief. It is well settled that a prison authority's failure to follow internal rules or administrative procedures does not, in itself, give rise to any issue of constitutional magnitude as long as minimum constitutional requirements are met. *E.g. Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Marks has not shown that the alleged failures on the part of the hearing officer resulted in any constitutional infirmity. Moreover, it appears from the record that the 90-day loss of previously earned good-time credits was adjusted to a loss of only 60-days, which is within the allowable range as stated by Petitioner. *DHP p. 1.*

In his second ground for relief, Petitioner alleges that he was denied effective assistance of counsel because counsel substitute failed to object to the hearing officer's failure to afford him due process during the hearing. *Petition ¶ 20.B.* A prison inmate has no constitutional right to either retained or appointed counsel in a disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S.Ct. 1551, 1556 (1976); *Enriquez v. Mitchell*, 533 F.2d275 (5th Cir. 1976). If there is no constitutional right to counsel in a disciplinary proceeding, the prisoner cannot be deprived of effective assistance of counsel, even where counsel or "substitute counsel" is appointed.[3] *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301 (1982); *see also Blankenship v. Johnson*, 118 F.3d 312, 316 (5th Cir. 1997) (claim of ineffective assistance of counsel must be

---

[3] In many prison disciplinary proceedings, a non-lawyer advocate, known as "substitute counsel" is appointed to assist the inmate in presenting his defense.

predicated on underlying right to the assistance of counsel).  Petitioner cannot succeed on this ground for relief.

In his third ground for relief, Petitioner claims that his constitutional rights were violated by the taking of previously earned good-time credits which affects the duration of his confinement due to his eligibility for mandatory supervised release.  The taking of previously earned good-time credits by prison officials is not, in itself, constitutionally infirm, even where it necessarily effects the duration of an inmate's confinement.  *See Wolff*, 418 U.S. at 557, 94 S.Ct. at 2975; *Henson*, 213 F.3d at 898.  In order to present a viable ground for habeas relief, a petitioner must show not only that the good-time credits were taken, but also that he was denied due process during the proceeding. *Id.*  In this ground for relief, Marks has failed to make such a showing.  Therefore, he is not entitled to relief.

In his fourth ground for relief, Marks claims that (1) arbitrary decisions were made in response to his Step 1 and Step 2 grievances, and (2) prison officials failed to give him a statement of reasons for the disciplinary punishments imposed.  With regard to the grievance decisions, Petitioner is not entitled to relief.  His conclusory allegation that the decisions were "arbitrary" does not state a ground for habeas relief.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).  "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"  *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

Finally, Marks alleges that the hearing officer failed to provide a statement of reasons for the punishments imposed. The court finds this ground for relief to be factually incorrect. The hearing record reflects that the reasons given to Marks by the hearing officer for the punishments imposed were (1) his past disciplinary history and (2) such conduct would not be tolerated. *DHP p. 1*. Accordingly, Marks is not entitled to relief on this ground.

Absent some allegation about how his rights were violated and without some evidence in the record to support such an allegation, habeas relief may not be granted. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). In the instant case, Petitioner has failed to present a ground for relief which could show that the disciplinary action taken against him violated his constitutional rights.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is hereby DENIED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 10th day of September, 2007.

JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE